## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSEPH CRYSTAL                                   *

    Plaintiff                                    *

    v.                                           *           CIVIL NO. JKB-14-3989

ANTHONY W. BATTS, *et al.*                       *

    Defendants                                   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

This civil rights case was brought by Joseph Crystal against former Baltimore Police Commissioner Anthony W. Batts, Sergeant Robert Amador, and the Baltimore City Police Department ("BPD"). (Compl., ECF No. 1.) It alleges retaliation by Defendants against Crystal for his speech protected under both the federal and state constitutions. Previously, the Court granted in part and denied in part Defendants' motions to dismiss. (ECF Nos. 33, 34.) Following Defendants' answers to the remainder of the complaint (ECF Nos. 35, 38) the Court held a conference with counsel and entered a scheduling order that provided for discovery and dispositive motions (ECF No. 44). Pending before the Court is the motion by BPD and Batts to bifurcate and to stay discovery. (ECF No. 37.) The motion has been briefed (ECF Nos. 45, 47), and no hearing is required, Local Rule 105.6 (D. Md. 2014). It will be denied.

BPD and Batts argue that the Court should, pursuant to Federal Rule of Civil Procedure 42(b), "bifurcate the trial of the Plaintiff's claims against Defendant Robert Amador from the claims against the BPD and Defendant Batts, and to (except as necessary for the resolution of claims against Defendant Amador) stay discovery against the BPD and Defendant Batts pending resolution of Plaintiff's claims made against Defendant Amador." (Defs.' Mot. 1.)

They contend doing so "will substantially decrease the risk of prolonged and burdensome litigation, conserve judicial resources, serve as a more effective method of testing the sufficiency of the Plaintiffs' [*sic*] claims, and will protect the BPD, Commissioner Batts, and Defendant Amador against the possibility of prejudice." (*Id.*)

The Court is well aware of the usefulness of the bifurcation procedure when a municipality's liability is derived wholly from a named defendant's liability, and if this were such a case, then the Court would grant the motion. *See, e.g.*, *Vathekan v. Prince George's County*, 154 F.3d 173, 180-81 (4th Cir. 1998) (reversing and remanding to district court on other grounds). *See also Brissett v. Paul*, No. 97-6898, 1998 U.S. App. LEXIS 6824, at *15-16 (4th Cir. Apr. 6, 1998) (unpublished) (upholding bifurcation of discovery on claim against municipality from discovery on claim against individual police officer); 8A Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice & Procedure* § 2040 (3d ed.) ("Ever since the days of the former equity bill for discovery, there has been applied to discovery, 'the principle of judicial parsimony,' by which, when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

Crystal's case, however, is not such a case. The allegations specifically attributable to Amador's conduct are only part of the case against BPD and Batts. The complaint includes many allegations of wrongful conduct by a considerable number of officers or officials of the BPD, other than the allegations against Amador. For example, Crystal alleges that the day after two police officers were criminally charged because of Crystal's report about their misconduct to the Baltimore City State's Attorney's Office, a detective from another division threatened Crystal about his report. (Compl. ¶ 27.) In addition, many of the kinds of threatening comments made by Amador to Crystal were made by other officers. (*Id.* ¶ 44.) Also, he was informed that

all supervisors of Internal Affairs, to whom Crystal had made reports of harassment and intimidation, "were instructed by the Chief of Internal Affairs that they were not to talk to Plaintiff any further." (*Id.* ¶¶ 40, 41.)  Moreover, another official in BPD refused to approve overtime for Crystal.  (*Id.* ¶ 55.)  These are just a few of the allegations that do not involve conduct by Amador, but nevertheless plausibly demonstrate consistent, department-wide maltreatment of Crystal.

Thus, if the claim against Amador were decided in Amador's favor, then a substantial part of the case would remain unresolved.  Bifurcation would only succeed in drawing out the case instead of efficiently disposing of it.  The result would be duplication of discovery effort and unwise use of judicial resources, not to mention increasing the amount of time and money invested by the parties.

For those reasons, the Court concludes Defendants' motion to bifurcate is without merit and, therefore, DENIES the motion (ECF No. 37).

DATED this 7th day of December, 2015.

                                          BY THE COURT:


                                          _____/s/_____
                                          James K. Bredar
                                          United States District Judge